**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-00501-REB-BNB

GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY,

 Plaintiff,

v.

JOSE MIGUEL BARCO, and
GINNY STEFANCIC,

 Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

 The matter before is plaintiff's **Motion for Summary Judgment** [#23][1] filed October 1, 2010. I grant the motion.[2]

### I. JURISDICTION

 I have jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

### II. STANDARD OF REVIEW

 Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. **FED. R. CIV. P.** 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538

---

[1] "[#23]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] The issues raised by and inherent to the motion for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the briefs. *Cf.* **FED. R. CIV. P. 56(c)** and **(d)**. *Geear v. Boulder Cmty. Hosp.*, 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

(1986); ***Farthing v. City of Shawnee***, 39 F.3d 1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the outcome of the case.  ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); ***Farthing***, 39 F.3d at 1134.

A party who will bear the burden of proof at trial on a claim must submit evidence to establish every essential element of that claim.  ***See In re Ribozyme Pharmaceuticals, Inc. Securities Litigation***, 209 F.Supp.2d 1106, 1111 (D. Colo. 2002).  Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper.  ***Concrete Works, Inc. v. City & County of Denver***, 36 F.3d 1513, 1518 (10th Cir. 1994), ***cert. denied***, 115 S.Ct. 1315 (1995).  All the evidence must be viewed in the light most favorable to the party opposing the motion.  ***Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services***, 165 F.3d 1321, 1326 (10th Cir.), ***cert. denied***, 120 S.Ct. 53 (1999).

### III.  ANALYSIS

On April 25, 2008, defendant Jose Miguel Barco ("Barco") arrived uninvited at the home of Jamie and Daniel Garcia, who were hosting a birthday party.  Barco and Jamie Garcia promptly got into a fight, and Barco drew a gun, which he pointed at the other guests while "pretty much saying I'm going to kill you to everyone . . . I'll drop you . . ."  (Plf. Motion App., Exh. B at 9.)  Barco continued to brandish the gun as he was escorted from the house.  He got into the passenger seat of a waiting car.  As the car drove past the house, Barco leaned out the window and fired three times at the crowd of partygoers that had gathered on the lawn.  Defendant Ginny Stefancic ("Stefancic") was struck by one of the bullets.

Subsequently, Barco was tried and convicted in the District Court of El Paso County, Colorado, on two counts of attempt to commit murder in the first degree, § 18-3-102, C.R.S., and one count of menacing with a deadly weapon, §18-3-206, C.R.S.  Soon thereafter

Stefancic filed a civil claim sounding in negligence against Barco in Colorado state district court. Plaintiff, which issued both renter's insurance and automobile insurance policies to Barco, then brought this declaratory judgment action to determine whether it has a duty to defend or indemnify Barco for any claims raised in that lawsuit.[3]

Under Colorado law, "[a]n insurer's duty to defend arises when the underlying complaint against the insurer alleges any facts that might fall within the coverage of the policy. " *Hecla Mining Co. v. New Hampshire Insurance Co.*, 811 P.2d 1083, 1089 (Colo. 1991). Thus, the duty to defend turns on the interpretation of the insurance policy, which, in turn, is governed by general principles of contract interpretation. *See id.* at 1090. The primary goal in interpreting the contract of insurance is to effectuate the intent of the parties. *Union Insurance Co. v. Houtz*, 883 P.2d 1057, 1061 (Colo. 1994); *Simon v. Shelter General Insurance Co.*, 842 P.2d 236, 239 (Colo. 1992). To accomplish this objective, the terms of the policy are given their plain and ordinary meanings, unless the policy itself indicates that the parties intended otherwise. *Bohrer v. Church Mutual Insurance Co.*, 965 P.2d 1258, 1261-62 (Colo. 1998); *Chacon v. American Family Mutual Insurance Co.*, 788 P.2d 748, 750 (Colo. 1990). Policy provisions that are clear and unambiguous should be enforced as written. *Chacon*, 788 P.2d at 750; *Kane v. Royal Insurance Co. of America*, 768 P.2d 678, 680 (Colo. 1989).

The renter's policy excludes coverage for "bodily injury . . . caused by the intentional or purposeful acts of any insured, including conduct that would reasonably be expected to result in bodily injury to any person." Similarly, the automobile policy excludes coverage when the insured "intentionally acts or directs to cause [bodily injury] . . ., or [] acts or directs to cause with reasonable expectation of causing, [bodily injury][.]"[4] These exclusions are clearly

---

[3] Barco has failed to answer or otherwise appear in this action, and the clerk of the court accordingly entered default against him on May 18, 2010. (*See* **Entry of Default** [#15] filed May 18, 2010.)

[4] Both policies provide coverage for compensatory damages for which the insured becomes legally liable to pay as a result of "an accident." It appears clear that injuries inflicted as a result of firing a loaded gun into a crowd of people are not accidental from the standpoint of this insured. *See Fire Insurance Exchange v.*

implicated by the facts of the underlying lawsuit. It should hardly bear mentioning that "when an individual deliberately aims a loaded [] gun at someone and pulls the trigger, the shooter intends or expects to cause some harm." ***Government Employees Insurance Co. v. Brown***, – F.Supp.2d –, 2010 WL 3731385 at *6 (D. Colo. Sept. 22, 2010) (quoting ***Lopez ex rel. Lopez v. American Family Mutual Insurance Co.***, 148 P.3d 438, 439 (Colo. App. 2006)) (internal quotation marks omitted). That the complaint frames these facts in terms of a cause of action for negligence does not alter this conclusion. It is the factual allegations of the complaint that are determinative, not the legal theories pleaded. *See* ***Bertagnolli v. Association of Trial Lawyers Assurance***, 934 P.2d 916, 918 (Colo. App. 1997); ***Colorado Farm Bureau Mutual Insurance Co. v. Snowbarger***, 934 P.2d 909, 911 (Colo. App. 1997).

In addition, it is immaterial that Barco may not have intended to harm Stefancic specifically, as the exclusion applies whenever the insured intended injury to occur, regardless whether the person or persons injured were the intended targets of his actions. ***Government Employees Insurance***, 2010 WL 3731385 at *6 (citing ***American Family Mutual Insurance Co. v. Johnson***, 816 P.2d 952, 955 (Colo. 1991)). Further, Barco's criminal conviction for attempted first degree murder collaterally estops him from contesting the conclusion that his acts were intentional. *See* ***Poole v. State Farm Fire & Casualty Co.***, 941 F.Supp. 964, 967 (D. Colo. 1996), ***aff'd***, 125 F.3d 862 (10th Cir. 1997) (Table).

Therefore, I find and conclude that both the renter's policy and the automobile policy issued to Barco exclude coverage for the injuries that form the basis of Stefancic's state court complaint. Concomitantly, plaintiff has no duty to defend or indemnify Barco in connection with

---

***Bentley***, 953 P.2d 1297, 1301 (Colo. App. 1998) (citing ***Carroll v. CUNA Mutual Insurance Society***, 894 P.2d 746, 753 (Colo. 1995)) (under Colorado law, plain and ordinary meaning of "accident" is "an unanticipated or unusual result flowing from a commonplace cause"). Nevertheless, plaintiff's complaint contains no count seeking a declaration that the policies are inapplicable on this basis, and I, therefore, do not consider its arguments in that regard.

4

that case.[5]

**THEREFORE, IT IS ORDERED** as follows:

1. That plaintiff's **Motion for Summary Judgment** [#23] filed October 1, 2010, is **GRANTED IN PART** as follows:

   a. That the motion is **GRANTED** with respect to Count I of plaintiff's **Complaint for Declaratory Relief** [#1], filed March 3, 2010; and

   b. That the motion is **DENIED** otherwise; and

2. That at the time judgment enters, judgment **SHALL ENTER** on behalf of plaintiff, Garrison Property and Casualty Insurance Company, against defendants, Jose Miguel Barco and Ginny Stefancic, as to Count I of plaintiff's **Complaint** [#1] filed March 3, 2010, and accordingly, it **SHALL BE DECLARED**:

   a. That the renter's insurance policy issued by plaintiff to Barco excludes coverage for the incident that occurred on April 25, 2008;

   b. That the automobile insurance policy issued by plaintiff to Barco excludes coverage for the incident that occurred on April 25, 2008; and

   c. That plaintiff does not owe a duty to defend or indemnify Barco in the lawsuit filed by Stefancic arising from the incident that occurred on April 25, 2008.

Dated December 31, 2010, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[5] Count III of the complaint seeks recoupment of any amounts paid to defend Barco in the underlying lawsuit. The motion for summary judgment neither mentions nor presents evidence relevant to this substantive claim, and I therefore do not address it here.